UNITED STATES DISTRICT COURT
for the
District of Massachusetts

*FILED IN CLERKS OFFICE 2018 MAR -9 PM 4: 45 U.S. DISTRICT COURT DISTRICT OF MASS.*

---

**ALMONTE MARKET,**

    **Plaintiff,**

vs.

**THE UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE (USDA), AND FOOD AND NUTRITION SERVICE (FNS),**

    **Defendants.**

Case No. _____

---

## COMPLAINT FOR A CIVIL CASE, JURY TRIAL DEMANDED

ALMONTE MARKET, by and through its attorneys, Daniel M. Kelly, Esquire and Harold F. Brunault, Esquire and for its Complaint against THE UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE (USDA), AND FOOD AND NUTRITION SERVICE (FNS), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### INTRODUCTION

1. This is an action regarding the permanent disqualification of Plaintiff's Supplemental Nutrition Assistance Program ("SNAP") Permit pursuant to Title 7 Code of Federal Regulations (CFR) Part 278.

2. Plaintiff seeks reinstatement of its Supplemental Nutrition Assistance Program Permit.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 7 U.S.C. 2023 and 7 CFR 279.7.

## VENUE

4. Venue is proper in this district under 7 CFR 279.7, whereby Plaintiff is authorized to file a complaint against the United States in the U.S. district court for the district in which the Plaintiff resides or is engaged in business.

## PARTIES

5. Plaintiff, Almonte Market is a small grocery store owned by Everisto Almonte, with a principal place of business at 549 S. Bridge Street Holyoke, Massachusetts 01040.

6. The Defendants, The United States of America, a sovereign constitutional government of those enumerated powers specified in the Constitution of the United States, the U.S. Department of Agriculture (USDA) with a principal place of business at 3101 Park Center Drive, 4th Floor, Alexandria, Virginia 22302, and Food And Nutrition Service (FNS) with a principal place of business at 3101 Park Center Drive, 4th Floor, Alexandria, Virginia 22302, which upon information and belief, are agencies of the United States Government, are named defendants as provided in 7 U.S.C.A. § 2023(a)(13).

## FACTUAL PREDICATE

7. Almonte Market held a SNAP benefit's permit, which was issued by Defendant, granting Almonte Market the authority to accept SNAP benefits and Electronic Benefits Transfer (EBT) under 7 U.S.C. § 51.

8. Almonte Market has participated in the SNAP program since June 26, 2003 and sells a wide variety of SNAP-eligible products.

9. On June 20, 2017, Almonte Market received a letter from the USDA, Food and Nutrition Service, alleging that Plaintiff was in violation of the terms and conditions of the SNAP program, 7 C.F.R. §§ 270-282, and that it was being charged with "trafficking" as defined under 7 C.F.R. § 271.2.

10. Between June 29 and July 3, 2017, Plaintiff responded to the charge letter denying any wrongdoing and requested reconsideration in light of the response.

11. On August 1, 2017 Defendant provided Almonte Market a determination letter, stating it was being permanently disqualified from participation in SNAP in accordance with 7 C.F.R. § 278.6(e)(1) for trafficking.

12. Plaintiff made a request for administrative review on August 4, 2017.

13. The Final Agency Decision, dated February 8, 2018, sustained the permanent disqualification of Almonte Market from participating as an authorized retailer in the SNAP program.

## COUNT ONE
## JUDICIAL REVIEW OF AGENCY ACTION

14. Almonte Market repeats and realleges Paragraphs 1 through 13 hereof, as if fully set forth herein.

15. Plaintiff requests that the Court reverse the determination that a permanent disqualification of Almonte Market from SNAP was appropriate under 7 C.F.R. § 278.6(e)(1).

16. The incident in question involves a determination of trafficking based in part on the following factors:

   a) Multiple purchase transactions were made within a narrow timeframe.

   b) Transactions were found to be large.

   c) There was a lack of shopping carts in the store.

   d) The sale prices of many products were deemed too low to warrant the transaction totals.

17. There is no statement in the regulations or training guide suggesting a dollar limit on visits.

18. Defendant acknowledges that the prices for "by-the-pound" meats and cheeses are unlisted.

19. Defendant acknowledges that the prices for hot items, such as sandwiches, are unlisted.

20. The SNAP Training Guide specifically instructs retailers to not limit SNAP customers, and to "treat your SNAP customers as you do other customers," in contravention to the final Agency Decision (Case No.: C0199744).

21. There is no listed requirement that authorized SNAP retailers are required to offer shopping carts to their customers.

22. There are no allegations made or violations claimed that any cash was given in exchange for SNAP benefits.

23. In the case at bar, the market is in a heavily populated area. The area is mostly families with many children. The population has a high percentage of Hispanic families. This store is owned and run by Hispanics and is very popular in the neighborhood.

24. One of the main products that brings up the dollar amount is Baby Formula, which sells for $17.89 a can and most customers buy several cans at a time.

25. The store has a large variety of SNAP products and a large base of local customers built up over the past several years.

26. The owner states it would be a hardship to try to do business in this area without SNAP and WIP programs.

27. On Page 10 of the Guide, it also states a customer may swipe a second card to debit each benefit at the same time.

**WHEREFORE**, Almonte Market prays that this Court will grant it the following stated relief:

A FINDING that Almonte Market did not violate the SNAP Program; and

A FINDING, assuming arguendo that there were violations of the SNAP Program, the proper imposition against Almonte Market by the Retailer Operations Division was a civil monetary penalty and not a permanent disqualification from participation.

>Respectfully submitted,
>
>LAW OFFICE OF DANIEL M. KELLY
>Attorneys for Plaintiff

DATED: March 9, 2018

By: /s/ *[signature]*
Daniel M. Kelly, Esquire
1414 Main Street, Suite 1850
Springfield, MA 01144
Tel. (413) 734-3119
Fax. (413) 736-0670
daniel@dkellylawyer.com
BBO No.: 266320

BRUNAULT, PROULX & MCGUINNESS

By: /s/ *[signature]*
Harold F. Brunault, Esquire
472 Appleton Street
Holyoke, MA 01040
Tel. (413) 532-6481
Fax. (413) 534-1344
harold.brunault@verizon.net
BBO No.: 061760